## Case No. 17,430.

### In re WESTCOTT et al.

[6 Ben. 135;[1] 7 N. B. R. 285.]

District Court, S. D. New York. June 14, 1872.

ACT OF BANKRUPTCY—COMMERCIAL PAPER—BONA FIDE DEFENCES.

1. A mercantile firm gave promissory notes as vouchers or memorandums, in exchange for notes of like amounts simultaneously given to them, but not as obligations to be paid at maturity. They did not pay them when they became due on their face, entertaining a bona fide belief that they had a good defence to them. The party to whom they were given filed a petition in bankruptcy against the firm. _Held_, that the notes were not commercial paper, as between the firm and the petitioner.

2. Even if they were such, the refusal of the firm to pay them, entertaining the belief which they did, was not an act of bankruptcy.

J. M. Guiteau, for petitioner.

Starr & Hooker, for respondents.

BLATCHFORD, District Judge. The only act of bankruptcy set forth in the petition herein is, that the alleged debtors, as copartners, under the name of Charles S. Westcott & Co., made seven promissory notes, to the order of the petitioner, for various sums, which notes became due at various times in August, September and October, 1871, and that such notes have not been paid, the last of them having matured October 20th, 1871, and the petition having been filed November 8th, 1871.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

1. The evidence shows that the notes were given merely as vouchers or memorandums, in exchange for notes of like amounts simultaneously given by the petitioner to the firm of C. S. Westcott & Co., and were not given as obligations to be paid at maturity by their makers. They had no United States internal revenue stamps upon them when given, and it is not shown that the makers had any intention that such stamps should be put upon them. They were in form negotiable, but, on the facts of the case, they cannot, in any proper sense, be called the commercial paper of the makers, as between them and the petitioner.

2. If they could be considered as commercial paper, the evidence is that their makers did not stop or suspend payment of them, in the sense of the statute. They entertained a bona fide belief that they had a good defence or set-off to them, and that, upon all the transactions between them and the petitioner, of which there were a large number, involving large sums of money, independently of the notes in question, the petitioner, even taking these notes into account, was indebted to them, instead of their being indebted to him. Whether this is in fact so or not, it is of no importance to determine, in this proceeding. It is enough that the alleged debtors could and did honestly entertain the belief that they were not legally bound to pay the notes till it should be so adjudged. The case is not one for an adjudication of bankruptcy, but for a suit on the notes in a proper tribunal. The principles applicable to it are those set forth in the recent decision in this court in Re The Hercules Mut. Life Assur. Soc. of the United States [Case No. 6,402].

The petition is dismissed, with costs.